# REPORTS OF CASES ADJUDGED

## IN THE

# SUPREME COURT OF PORTO RICO.

### CARABALLO v. RÍO.

### APPEAL from the District Court of Aguadilla.

No. 184.—Decided January 22, 1908.

DIVORCE—ABANDONMENT.—In order that abandonment may be deemed to exist as a ground for divorce, as provided for by section 164 of the Civil Code, it is necessary to prove a firm determination upon the part of the spouse charged with abandonment to separate and forever break the matrimonial bonds. The abandonment by the wife of her husband for more than six years, refusing to rejoin him in spite of his efforts to secure a reconciliation, is sufficient upon which to base a decree of divorce on the ground of abandonment.

The facts are stated in the opinion.

*Mr. Vázquez Lino* for appellant.

*Mr. Rossy, fiscal,* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

José Ylerio Caraballo filed an action for divorce on April 26 of last year in the District Court of Aguadilla against his wife, Eulalia Río Alvarez, alleging as the fundamental facts thereof that both having contracted a Catholic marriage on July 9, 1892, they went to live in the house of Facundo Río, the father of the wife, where they remained four years, and during which time they separated four times on account of the bad treatment which the plaintiff received from the defendant and her parents, for which reason he decided to leave said house and built another, to which the defendant refused to go, although she followed him to two other houses, they

1

living together in one of them for 20 days and in the other
one for one month. The defendant left the last house, aban-
doning the plaintiff, to return to her parents, with whom she
is now living, and now refuses to rejoin the plaintiff notwith-
standing his repeated urging. For all of these reasons he
prays that their marriage ties be dissolved, with such other
decisions as might be proper, with the costs against the de-
fendant.

Eulalia Río Alvarez having been summoned to appear and
make answer to the complaint, she failed to do so, and her
default was entered, the trial being held on July 10 of last
year without her attendance. Thereupon the Aguadilla court
rendered judgment on the 24th of the same month dismissing
the action for divorce, with the costs against the plaintiff. The
latter took an appeal from this judgment to this Supreme
Court on August 4 last.

The opinion or decision of the lower court, which served
as a basis for the judgment, reads as follows:

"In this action the trial was held on July 10 of the current year
and was attended by Attorney Lino Vázquez representing José Ylerio
y Caraballo, while Eulalia Río y Alvarez failed to appear, her default
being entered by the secretary. The court, after having heard all the
evidence submitted by the plaintiff, finds as follows:

"*Findings of fact.*—1. That the plaintiff contracted marriage with
Eulalia Río y Alvarez in this city of Aguadilla on July 9, 1892.
2. That after this marriage, by which she has had a number of child-
ren, Eulalia Río y Alvarez left the house of her husband a number
of times, later returning thereto, although at the present time she
is living in the house of her father, Facundo Río, and has been
living there for some time.

"*Conclusions of law.*—1. That, although under subdivision 5 of
section 154 of the Civil Code, the abandonment of the wife by her
husband or of the husband by his wife for a longer period of time
than one year is a ground for divorce, it must be borne in mind that
abandonment cannot exist unless the purpose or intention of one of
the parties not to live with the other is proved. In this case the
court has reached the conclusion that the husband and wife having

separated a number of times they may rejoin each other again, because the court finds no proof that the intention of the defendant in going to live in the house of Facundo Río is to discontinue living together and remain in permanent voluntary separation, and therefore that the wife abandoned the husband, José Ylerio Caraballo.

"2. That for this reason the plaintiff is not entitled to a decree against the defendant; and the action is hereby dismissed.

"3. And, finally, it is ordered that the plaintiff pay the costs taxed at ———, and that judgment be entered in accordance with this decision. Aguadilla, July 24, 1907.—Arturo Aponte, Judge of the District Court."

The appellant alleges in support of the appeal that the judgment is contrary to the evidence taken at the trial and in conflict with the provisions of subdivision 5 of section 164 of the Civil Code, because it has been shown fully that the defendant wife abandoned her husband for more than one year without the intention of rejoining him; and in view of this evidence the divorce prayed for should be granted.

We have examined the documentary evidence showing the marriage of the parties on July 9, 1892, and the testimony of the witnesses with regard to the abandonment by the wife, consisting of the testimony of witnesses Elvidio Fantaú, Amador Milán, Ciprian Blanco, Ramón Suárez, and of the plaintiff himself, and this testimony establishes in a satisfactory manner that Eulalia Río Alvarez, after having lived with her husband, the plaintiff, for a number of years, leaving him on several occasions and then rejoining him, she finally left him more than six years ago, without their having again lived together, notwithstanding the efforts of three of said witnesses to effect a reconciliation.

The judge in his opinion does not deny the existence of this proof, for from such opinion it is to be deduced that he recognizes that the wife abandoned her husband, although he does not find that the former had the intention of permanently separating from the latter, because having left him on a number of occasions she might again return to him.

It is true that this Supreme Court has established the doctrine in the case of *Eduvijis Mercado* v. *María M. Pabón* (7 P. R. Rep., 357), and *Luis Vázquez* v. *María Dolores García* (7 P. R. Rep., 396), that in order that abandonment may exist as a cause for divorce it is necessary to prove a decided and firm intention on the part of the spouse charged with the abandonment of separating and permanently sundering the marriage ties. In this case there is such decided and firm intention on the part of the wife, Eulalia Río Alvarez, because she has lived apart from her husband for more than six years and has refused to rejoin him, notwithstanding the efforts of the husband to that end.

The will of man and woman being changeable in all the circumstances of life, we do not deny the possibility of José Ylerio Caraballo and Eulalia Río Alvarez becoming united, whether the divorce be granted or not; but for the present we must admit that the wife has decided not to live with her husband. Her intention is firm and not vacillating if we consider the facts of the case.

This being the case, the provisions of subdivision 5 of section 164 of the Civil Code, which establish as a cause for divorce the abandonment of the wife by her husband or of the husband by his wife for a longer period of time than one year, are applicable to this action, and therefore the judgment appealed from should be reversed, and the complaint filed by José Ylerio Caraballo praying for a divorce against Eulalia Río Alvarez should be sustained, the marriage ties which united them consequently being sundered and dissolved, without any special taxation of costs.

*Reversed.*

Chief Justice Quiñones and Justices Figueras, MacLeary and Wolf concurred.